■ In the Matter of STATE OF NEW YORK, Respondent, v CHRISTOPHER X., Appellant. [973 NYS2d 881]—Stein, J. Appeal from an order of the Supreme Court (Tait, J.), entered January 30, 2012 in Tioga County, which granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 10, to find respondent to be a dangerous sex offender and confined him to a secure treatment facility.

In 2004, respondent was convicted of sexual abuse in the first degree and was sentenced to 2½ years in prison and three years of postrelease supervision. In May 2006, upon his release date, respondent was involuntarily placed in a psychiatric facility's sex offender treatment program (*see* Mental Hygiene Law § 9.27). Thereafter, in November 2007, petitioner commenced

this proceeding seeking an order authorizing respondent's civil management pursuant to Mental Hygiene Law article 10. Respondent ultimately consented to a finding that he is a dangerous sex offender suffering from a mental abnormality in need of civil management. After a dispositional hearing, Supreme Court found by clear and convincing evidence that respondent was "likely to be a danger to others" and confined him to a secure treatment facility. Respondent now appeals.

Respondent's sole contention on appeal is that Supreme Court erred by denying his motion for a jury trial on the question of whether he is in need of confinement. Inasmuch as petitioner has advised us that respondent was released from confinement after an annual review hearing held during the pendency of this appeal, respondent's appeal is now moot and must be dismissed (*see generally People ex rel. Joseph II. v Superintendent of Southport Correctional Facility*, 15 NY3d 126, 135 [2010]; *Matter of Martinek v State of New York*, 108 AD3d 1048, 1049 [2013]). Moreover, the Court of Appeals has resolved the question raised by respondent and has determined that a jury trial on the issue of confinement is not required (*see Matter of State of New York v Myron P.*, 20 NY3d 206, 213 [2012]),* rendering the exception to the mootness doctrine inapplicable (*see Matter of State of New York v Grant*, 71 AD3d 1502, 1503 [2010]).

Lahtinen, J.P., Spain and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

---

* Notably, respondent concedes that *Matter of State of New York v Myron P.* (*supra*) decides the sole question raised on this appeal, but asserts that the appeal is necessary to exhaust his state remedies in order to pursue federal remedies.