Matter of Miguel II. v State of New York (2019 NY Slip Op 08742)





Matter of Miguel II. v State of New York


2019 NY Slip Op 08742


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

524835

[*1]In the Matter of Miguel II., Appellant,
v
State of New York, Respondent.

Calendar Date: September 13, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Sheila E. Shea, Mental Hygiene Legal Service, Albany (Matthew W. Bliss of counsel), for appellant.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.

Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.



Egan Jr., J.P.
Appeal from an order of the Supreme Court (Farley, J.), entered December 19, 2016 in St. Lawrence County, which partially granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 10, for his discharge and/or release to the community under a regimen of strict and intensive supervision and treatment.
Petitioner has a history of committing sexually violent offenses dating back to 1972, which includes five rapes, and has been incarcerated for the majority of his adult life. He was last sentenced to a period of incarceration in 1993 following his conviction for attempted sodomy in the first degree, for which he was sentenced to a prison term of 6 to 12 years. In 2006, as the expiration of his aggregate prison term was approaching, petitioner was civilly committed under Mental Hygiene Law article 9. In 2007, following the enactment of Mental Hygiene Law article 10, respondent commenced a proceeding for the civil management of petitioner. In conjunction therewith, an evaluation report was filed, diagnosing petitioner with paraphilia not otherwise specified (hereinafter PNOS), antisocial personality disorder, alcohol abuse and cannabis abuse. Petitioner thereafter waived his right to both a probable cause hearing and a trial (see Mental Hygiene Law § 10.07) and consented to his commitment to a secure treatment facility. Each year thereafter, as part of the statutorily required annual review process (see Mental Health Law § 10.09), petitioner was evaluated by a psychiatric examiner and, each time, it was determined that petitioner remained a dangerous sex offender requiring confinement.
In March 2016, petitioner commenced this proceeding seeking, among other things, an evidentiary hearing to determine whether he remained a dangerous sex offender requiring confinement pursuant to Mental Hygiene Law article 10. Following the designation of a court-appointed psychiatric examiner, petitioner moved to preclude all testimony regarding the psychiatric diagnosis of other specified paraphilic disorder (hereinafter OSPD)[FN1] (nonconsent) or, in the alternative, a Frye hearing to determine whether said diagnosis is generally accepted within the relevant psychiatric and psychological communities (see Frye v United States, 293 F 1013 [1923]). Supreme Court denied petitioner's motion and, following an evidentiary hearing, determined that petitioner continued to suffer from a mental abnormality (see Mental Hygiene Law § 10.03 [i]) but no longer required confinement, and released him to a regimen of strict and intensive supervision and treatment. Petitioner appealed, contending that Supreme Court abused its discretion when it denied his request for an order of preclusion or, alternatively, a Frye hearing.
In an October 25, 2018 decision, this Court determined that Supreme Court should have granted petitioner's application for a Frye hearing given the controversial nature of the OSPD (nonconsent) diagnosis and case law from the Second Department and other trial courts that held that the OSPD (nonconsent) diagnosis and/or its predecessor diagnosis, PNOS (nonconsent), were not generally accepted in the relevant psychiatric and psychological communities (165 AD3d 1513 [2018]). Accordingly, we withheld decision on petitioner's remaining contentions and remitted the matter to Supreme Court to conduct said hearing (id.). Upon remittal, Supreme Court conducted a Frye hearing and, by order dated October 28, 2019, determined that respondent had not met its burden of proving that OSPD (nonconsent) has gained general acceptance within the relevant psychiatric and psychological communities. Supreme Court further concluded that the evidence presented did not support a finding that petitioner continues to suffer from a mental abnormality as defined by Mental Hygiene Law § 10.03 (i) and, in turn, discharged petitioner from supervision under Mental Hygiene Law article 10.
Given Supreme Court's October 28, 2019 order discharging petitioner from supervision under Mental Hygiene Law article 10, the issues presented for review on this appeal have been rendered moot (cf. Matter of State of New York v Christopher X., 110 AD3d 1395, 1396 [2013]; Matter of State of New York v Grant, 71 AD3d 1502, 1503 [2010]), and this matter does not otherwise fall within the exception to the mootness doctrine (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).[FN2]
Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: As relevant here, PNOS was the predecessor diagnosis of OSPD.

Footnote 2: We note that respondent has filed a notice of appeal from Supreme Court's October 28, 2019 order and said appeal remains pending.